IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EARNEST BARNARD CLAYTON,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:24-CV-00161-MTT-MSH |
| | : | |
| v. | : | |
| | : | |
| Commissioner **TIMOTHY WARD,** | : | |
| *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Earnest Barnard Clayton, a prisoner confined in Telfair State Prison in Helena, Georgia filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

### INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff's complaint is a lengthy, rambling collection of allegations that is extremely difficult to decipher due to both his writing style and use of small font as well as his refusal to utilize the entirety of the Court's standard form for § 1983 complaints. *See* ECF No. 1. From what the Court can discern, although

Plaintiff is now incarcerated at Telfair State Prison,[1] this complaint arises from his previous incarceration at Hancock State Prison and Macon State Prison. *See id.* Plaintiff complains about entirely separate events that assert different types of unrelated claims from various dates over a nearly two year period from June 2022 to March 2024. *Id.*

First, Plaintiff has prodigiously failed to link many of his allegations specifically and factually to his named Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Furthermore, Plaintiff is raising multiple claims involving entirely separate incidents from two different prisons. A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[1] *See* Georgia Department of Corrections find an offender website at https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp; *see also* ECF No. 1 in 5:24-cv-00165-MTT-CHW, *Clayton v. Kelmon*, which was filed the same day as the present civil action.

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff throughout his incarceration time at various prisons or even in one prison does not necessarily make claims about those allegations related under Rule 20. *See e.g.*, *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." Here, there is no logical relationship nor common operative facts between Plaintiff's multiple allegations against his multiple Defendants. Therefore, the Court finds that Plaintiff has impermissibly joined unrelated claims and Defendants in one complaint.

Lastly, Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." In short, Plaintiff's pleading is a typical shotgun pleading. "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for which relief may be granted. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this complaint outright for violating the rules of Civil Procedure, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

For the reasons set forth above, Plaintiff is now ordered to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint. If Plaintiff wishes to pursue unrelated claims, then he must pursue those claims as separate actions filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action. Plaintiff's complaint may be dismissed in its entirety for failure to follow this order not to include unrelated claims in the recast complaint (or any other

5

order of the Court) or, in the alternative, any unrelated claims may be dismissed for violation of the Federal Rules of Civil Procedure.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. It is recommended that, when drafting his statement of related claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?[2]

(3) *When* and *where* did each action occur (to the extent memory allows)?

(4) *How* were you injured as a result of this defendant's actions or decisions?

(5) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(6) *What* legally permissible relief do you seek from this Defendant?

---

[2] Supervisory officials, such as the State Prison Commissioner, Regional Directors, Wardens, and Deputy Wardens that Plaintiff names in this suit, are not liable under § 1983 based on respondeat superior or supervisory liability. Supervisors are only liable under § 1983 if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). In short, to state a claim for relief, Plaintiff must do more than name individuals in positions of authority and then conclude that they violated his rights simply because of their supervisory roles.

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law to state a claim. Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

Plaintiff is directed to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. ***The complaint must be legible and no***

*longer than ten (10) pages in its entirety.* **Plaintiff is not to include any exhibits or attachments**.

Lastly, Plaintiff is cautioned that a review of Plaintiff's filing history reveals that he has brought over thirty federal civil actions and at least three of his civil actions or appeals were dismissed and count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, ECF Nos. 6 and 7 in case # 5:22-cv-375-TES-MSH, *Clayton v. Ward* (M.D. Ga. Jan, 6, 2023) (district court denied this Plaintiff's motion to proceed *in forma pauperis* citing to Plaintiff's previous strikes and dismissed Plaintiff's complaint pursuant to § 1915(g)). Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). Upon initial review, this Court finds that the many unrelated claims Plaintiff raises in his complaint do not place him in imminent danger of serious physical injury where he would be permitted to proceed *in forma pauperis*.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's motion for leave to proceed *in forma pauperis* is statutorily inadequate. ECF No. 2. A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Here, Plaintiff did not submit an account statement showing his

8

transactions for the previous six months, as required by the statute. Instead, his account statement is from his previous incarceration at Macon State Prison, is dated February 29, 2024, and only lists his transactions through that date. Plaintiff's complaint (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 3) were docketed three months later on May 28, 2024.

Accordingly, Plaintiff is **ORDERED** to pay the $405.00 filing fee or file a certified account statement and a copy of his prison trust fund account statement for the six months preceding the docketing of his complaint in May 2024 so that the Court may properly evaluate his motion for leave to appeal *in forma pauperis*. Plaintiff is reminded, however, that unless he can sufficiently demonstrate to the Court that he is imminent danger of serious physical harm at his current place of incarceration due to a claim arising from his previous incarceration at wholly different prisons, his motion to proceed *in forma pauperis* may be denied pursuant to § 1915(g) and the complaint will be dismissed unless the full filing fee is paid immediately.

## CONCLUSION

Plaintiff is **ORDERED** to file an amended complaint on the provided § 1983 standard form. Plaintiff is cautioned that failure to follow the instructions regarding the amended complaint outlined above will likely result in dismissal of his complaint. Fed. R Civ. P. 41(b). Plaintiff is also **ORDERED** to pay the $405.00 filing fee or file a certified account statement and a copy of his prison trust fund account statement for the six months preceding the docketing of his complaint in support of his motion to proceed *in forma*

9

*pauperis*.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint and address the filing fee as ordered. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form, and a copy of the Court's standard account certification form (all showing the civil action number).

**SO ORDERED AND DIRECTED** this 12th day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE